IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| | § | |
| THE ALLSTATE CORPORATION and | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") files this Complaint against The Allstate Corporation ("Defendant" or "Allstate Corp.") and Allstate Insurance Company ("Defendant" or "Allstate Insurance") (collectively, "Defendants or "Allstate") for infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (hereinafter "the '752 Patent," "the '369 Patent," and "the '190 Patent").

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Allstate Corp. is a Delaware corporation with a

principal place of business in Northbrook, Illinois. Allstate Corp. has a registered agent in CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. Upon information and belief, Allstate Corp. serves as the holding company for Allstate Insurance Company and its business is conducted principally through Allstate Insurance, Allstate Life Insurance Company and their affiliates.

5. Allstate Insurance is incorporated in Illinois and has a principal place of business in Northbrook, Illinois. Allstate Insurance can be served at 2775 Sanders Road, Northbrook, IL 60062.

6. This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

7. Upon information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this District. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

9. Plaintiff incorporates paragraphs 1 through 8 herein by reference.

10. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

11. Plaintiff is the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers.

12. A copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

13. The '752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '752 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '752 Patent. Defendants have infringed and continue to infringe the '752 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

15. Defendants have made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products. One specific instance of Defendant's activity involves the use of QR Codes on a website in connection with advertising a product known as the Drivewise® Mobile app. A user scanning the QR Code provided on the webpage is provided access to the Drivewise® Mobile app. The website also provides information to a user as to how to download a scanning app and scan the QR code. The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

16. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

17. Defendants' actions complained of herein are causing irreparable harm and

monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

18. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

19. Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

21. Plaintiff is the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers.

22. A copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit B.

23. The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '369 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '369 Patent. Defendants have infringed and continue to infringe the '369 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

25. Defendants have made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products. One specific instance of Defendants' activity involves the use of QR Codes on a website in connection with advertising a product known as the Drivewise® Mobile app. A user scanning the QR Code provided on the webpage is provided access to the Drivewise® Mobile app. The

website also provides information to a user as to how to download a scanning app and scan the QR code.  The use of QR codes in this manner infringes at least Claim 1 of the '369 Patent.  Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

26. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

27. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

28. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

29. Plaintiff incorporates paragraphs 1 through 28 herein by reference.

30. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

31. Plaintiff is the owner by assignment of the '190 Patent with sole rights to enforce the '190 patent and sue infringers.

32. A copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit C.

33. The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

34. Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 1, of the '190 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '190

Patent. Defendants have infringed and continue to infringe the '190 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

35. Defendants have made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products. One specific instance of Defendant's activity involves the use of QR Codes on a website in connection with advertising a product known as the Drivewise® Mobile app. A user scanning the QR Code provided on the webpage is provided access to the Drivewise® Mobile app. The website also provides information to a user as to how to download a scanning app and scan the QR code. The use of QR codes in this manner infringes at least Claim 1 of the '190 Patent. Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.

36. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

37. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

38. Plaintiff is in compliance with 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendants, their agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendants who

receive notice of the order from further infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

  (c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

  (d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

  (e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: June 30, 2015

                                           Respectfully submitted,

                                          */s/ Jay Johnson*
                                          **JAY JOHNSON**
                                          State Bar No. 24067322
                                          **D. BRADLEY KIZZIA**
                                          State Bar No. 11547550
                                          **ANTHONY RICCIARDELLI**
                                          State Bar No. 24070493
                                          **KIZZIA & JOHNSON PLLC**
                                          750 N. St. Paul Street, Suite 1320
                                          Dallas, Texas 75201
                                          (214) 613-3350
                                          Fax: (214) 613-3330
                                          jay@brownfoxlaw.com
                                          brad@brownfoxlaw.com
                                          anthony@brownfoxlaw.com
                                          **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C